UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN J. PENTZ,

    Plaintiff,

v.

ALM,

    Defendant.

Civil Action No. 05-10207 JLT

## COMPLAINT

1. Plaintiff John J. Pentz is an attorney admitted to practice in the Commonwealth of Massachusetts, the United States District Court for the District of Massachusetts, and the United States Court of Appeals for the First Circuit, among other jurisdictions. His office address is 2 Clock Tower Place, Maynard, Massachusetts. His residential address is 39 Harness Lane, Sudbury, Massachusetts.

2. Defendant ALM, f/k/a American Lawyer Media, Inc., is a New York corporation with its headquarters located at 345 Park Avenue, New York, New York. ALM publishes 35 national and regional periodicals that serve legal and business professionals, including The American Lawyer.

3. This Court has personal jurisdiction over ALM. ALM actively solicits subscribers among Massachusetts' law firms and legal professionals, and, upon information and belief, there are thousands of Massachusetts law firms and lawyers who currently subscribe to ALM publications, including The American Lawyer.

4. Jurisdiction in this matter is founded upon 28 U.S.C. § 1332, because there is complete diversity between the parties.

5. Plaintiff is considered a private person for purposes of this lawsuit.

6. Beginning in October 2004, ALM published the article ("Article") attached hereto as Exhibit A in both its print edition of the Litigation 2004 Supplement distributed with the October 2004 print edition of The American Lawyer, and on its website, where it is still available.

7. Upon information and belief, the Article was published to tens of thousands of subscribers to the print edition of The American Lawyer, and hundreds of thousands of potential visitors to The American Lawyer's website.

8. As of January 14, 2005, the Article was the seventh item retrieved by the Google search engine when the search terms "John Pentz" were typed into the search box. See Exhibit B. Anyone searching for information about the Plaintiff would find the Article fairly quickly and easily.

9. The Article is false and defamatory in several respects. Specifically, and most egregiously, the Article states that Plaintiff is a "holdup artist," that "case opinions are rife with examples of judicial scorn for Pentz's ilk," and that a Judge Heartfield of Texas criticized "canned objections filed by lawyers seeking to extract a fee by lodging generic, unhelpful protests," implying that Plaintiff was one of those lawyers.

10. The American Heritage Dictionary's definition of "ilk" is "the same." The Article implies that courts have criticized Plaintiff and that Plaintiff

has filed canned objections and sought fees for generic, unhelpful protests.

11. No court has ever held that any objection or other pleading filed by Plaintiff was frivolous, unhelpful, or generic. No court has ever sanctioned Plaintiff.

12. Plaintiff has never filed a "canned" or generic objection pleading. Plaintiff's objections are always tailored to the particular case under consideration.

13. Judge Gleeson of the United States District Court for the Eastern District of New York adopted the following holding with respect to the objection filed on behalf of Plaintiff's clients in the Visa Check/ Mastermoney case that is apparently the primary subject of the Article:

"Although I was not privy to this Court's thought processes regarding Lead Counsel's fee petition, the arguments the Objectors raised in opposition to that petition were not frivolous … as is evidenced by the fact that this Court concluded – as the Objectors urged – that Lead Counsel's fee request was excessive. It therefore seems possible that 'some of the viewpoints and facts highlighted by the objectors assisted the Court in making an appropriate fee award.'" In re Visa Check/ Mastermoney Antitrust Litig., 2004 U.S. Dist. LEXIS 8737 at *17 (E.D.N.Y., April 2, 2004).

Judge Gleeson awarded Plaintiff $12,316 in fees and $416 in expenses in Visa Check/ Mastermoney for his non-frivolous objections.

14. Upon information and belief, prior to publishing the Article, ALM and the author of the article, Lisa Lerer, failed to consult or review any pleadings filed by Pentz in connection with any objectors he has represented, including in the Visa Check/Mastermoney case which is mentioned throughout the Article.

15. ALM and Lisa Lerer failed to read the opinion cited in paragraph 13, *supra*, before publishing the Article. This is made obvious in paragraph 2 of the Article, which states that Pentz "[cut] Constantine's fees to $220 million." This is patently false. Such an assertion was clearly rejected by the Court, which held:

"Although it is true that the objectors' briefings did not drive my decision to reduce Lead Counsel's request for fees, their arguments did sharpen the debate by introducing contrary case law, and by requiring Lead Counsel to more fully brief the issue in reply papers." In re Visa Check/Mastermoney, 2004 U.S. Dist LEXIS 8729 at *5 (E.D.N.Y., April 27, 2004). "My diminution of Lead Counsel's fees would have issued with or without briefing to the contrary." Id. at *3. Had Ms. Lerer or ALM done the most minimal confirmatory research into publicly available records, they would have discovered that the Article is false in significant respects.

16. Rather than refer to the very favorable characterizations of Plaintiff's work quoted from the caselaw above, Lisa Lerer and ALM chose to present a distorted, unbalanced and false portrait of Plaintiff's role, both

in the <u>Visa Check/Mastermoney</u> case, and generally as an attorney who represents individual class members in class actions.

17. The Article places Plaintiff in a false light.

18. The Article was written and published with actual malice toward Plaintiff.

19. In the alternative, the Article was written and published with gross negligence and a reckless disregard for the truth.

20. ALM and Lisa Lerer failed to consult relevant court documents when writing and publishing the Article, and instead relied on unattributed hearsay.

21. ALM failed to fact-check the Article.

22. Upon information and belief, the author of the Article, Lisa Lerer, joined The American Lawyer's staff in March or April 2004.

23. ALM failed to follow reasonable editorial practices in permitting an inexperienced writer on its staff to write and publish the Article essentially unsupervised.

24. The Article is libelous *per se*.

25. The Article affects Plaintiff in his profession.

26. The Article has caused Plaintiff to suffer enormous emotional distress and embarrassment.

27. The Article will cause Plaintiff actual economic damages to the extent that opposing counsel cite to it in their papers, and judges rely on it in making inferences about Plaintiff's motives and reputation.

## COUNT I - DEFAMATION

28. Plaintiff incorporates by reference all of the foregoing paragraphs as if fully set forth herein.

29. ALM published false statements regarding the Plaintiff.

30. The false statements published by ALM are capable of damaging Plaintiff's reputation in the legal community.

31. ALM's false statements are actionable without proof of economic loss.

32. ALM's false statements have or are exceedingly likely to cause Plaintiff actual economic loss in the future.

33. ALM's false statements have caused Plaintiff considerable emotional distress and embarrassment.

34. ALM's false statements were made with actual malice toward the Plaintiff, or with gross negligence and reckless disregard for the truth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant him the following relief:

1. Award him damages in the amount of $5 million;

2. Order ALM to print a prominent retraction of the Article in The American Lawyer that includes actual citations to the Visa Check/Mastermoney case, and that makes it clear both that Plaintiff was not involved in any way in the Toshiba case from which the "canned objections" quote is drawn, that Plaintiff is not like the counsel to whom the court referred there, and that Plaintiff has never been criticized or sanctioned by a court; and

3.       Order such other relief to which the Plaintiff may be entitled.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

                                                John J. Pentz, pro se

                                                */s/ John J. Pentz*
                                                John J. Pentz
                                                2 Clock Tower Place, Suite 260G
                                                Maynard, MA  01754
                                                Ph: (978) 461-1548
                                                Fax: (707) 276-2925

*The Objector*

# John Pentz
**Class Action Fairness Group**
**Sudbury, Massachusetts**

After three years, class action lawyer Lloyd Constantine could taste settlement. Visa U.S.A. Inc. and MasterCard Incorporated had finally agreed to pay his class more than $3 billion. Constantine had avoided an antitrust trial and gotten a great result, and he was about to be rewarded with fees of over $600 million for his efforts. It was the perfect class action ending.

Then the "holdup artist" rode into the courtroom. The notorious class action objector John Pentz of the Class Action Fairness Group left his mark on the case, cutting Constantine's fees to $220 million.

Pentz became the outlaw of class action litigation in 2000, when he opened his own firm after several years as an associate at Boston's Berman DeValerio Pease Tabacco Burt & Pucillo. Pentz says he was disturbed by class actions in which plaintiffs lawyers took home millions and class members won just a coupon. Even worse, he was annoyed by the scornful way judges and his colleagues treated "objectors"--lawyers who challenge settlements and large fee awards.

Pentz founded the Class Action Fairness Group to focus almost exclusively on objecting to class action settlements. He usually shows up at the last minute to try to torpedo a settlement that is sometimes years in the making. Judges tend not to like that tactic. Case opinions are rife with examples of judicial scorn for Pentz's ilk. In a 2000 ruling approving a $2.1 billion settlement with Toshiba America, Inc., for instance, Judge Thad Heartfield of the Eastern District of Texas criticized "canned objections" filed by lawyers seeking "to extract a fee by lodging generic, unhelpful protests."

But Pentz embraces his role. "No court has ever said that it's an illegitimate practice area or improper to devote most of your practice to objecting," he says from his Sudbury, Massachusetts, office.

Only a handful of lawyers regularly object to class action settlements, and even fewer specialize in the field. Pentz quickly became one of the biggest (and most reviled) names in the business, plaintiffs lawyers say, second only to Lawrence Schonbrun, a solo practitioner in Berkeley. Over the past four years, Pentz has objected to some huge class action settlements, including Bridgestone/Firestone Retail & Commercial Operations LLC, Lucent Technologies Inc., AT&T Corp., and The Goodyear Tire & Rubber Company.

Pentz insists that he's doing good work for class members. But class counsel Constantine claims that objectors had little to do with his reduced paycheck in the Visa/MasterCard case; New York Eastern District judge John Gleeson independently found his fee petition excessive. "The court swatted down every single one of [Pentz's] objections," Constantine says.

So how does Pentz make a living? He refuses to generalize, arguing that every case is unique. But he will acknowledge that the bulk of his income does not come from court-awarded fees. When a judge amends a settlement after Pentz objects, Pentz receives a fee award, usually 1 or 2 percent of the total fees in the case; or, if his objection results in benefits to the class, around 20 percent of the value added. But that kind of fee is the exception rather than the rule, Pentz says.

Instead, objectors make most of their money when class counsel pay them to drop their objections. Pentz concedes that payments from class counsel usually dwarf court awards. Joe Whatley of Birmingham-based Whatley Drake, who faced off with Pentz in three different cases, says he has always paid Pentz to drop objections without making changes to the settlement. "It's like having to pay a tax," Whatley says.

Today, Pentz's practice is about to make a sharp U-turn. He is preparing to become class counsel himself, representing customers suing The DIRECTV Group, Inc., in Beaumont, Texas. His newest job isn't selling out the cause, he argues, but a natural outgrowth of his work. After all, the case began with an objection he filed in an Indiana settlement. Besides, the onetime crusader notes, at the end of the day, "it becomes like any other job." Today the party-crasher seems just to want an invite to the big bash. --Lisa Lerer

 Web  Images  Groups^New!  News  Froogle  **more »**

"John Pentz"   [Search]  Advanced Search / Preferences

**Web**          Results **1** - **10** of about **247** for **"John Pentz"**. (**0.23** seconds)

### John Pentz
**John Pentz**. b. d. bur. Contents * Index * Surnames * Contact.
www.familytrail.com/junghen/ peteryoungkin/wc15/wc15_056.html - 2k -
Cached - Similar pages

### John Pentz
... The will of **John Pentz** of Cow Bay, Halifax Co. 15/11/1887 Vol. 10 RG48 Reel
19361 Page 127, will #3642 His will states that he is a farmer, ...
freepages.genealogy.rootsweb.com/ ~easternpassage/willjpen.html - 3k -
Cached - Similar pages

### EARLY SETTLERS
... I have stated that George Bowes, Sr. and **John Pentz** bought land next [to] ...
George Bowes, Sr. who joined with **John Pentz** in buying the Bean land died ...
freepages.genealogy.rootsweb.com/ ~easternpassage/settlers.html - 18k - Jan 12,
2005 - Cached - Similar pages
[ More results from freepages.genealogy.rootsweb.com ]

### Pentz Family Genealogy Forum
... **John Pentz**/Bentz 1707 - Ruth Herman Markley 3/25/00. Re: **John Pentz**/Bentz
1707 - Verda Fulkerson 2/10/01. Re: **John Pentz**/Bentz 1707 - Verda Fulkerson ...
genforum.genealogy.com/pentz/ - 30k - Cached - Similar pages

### John Pentz/Bentz 1707
... **John Pentz**/Bentz 1707 Posted by: Ruth Herman Markley Date: March 25, 2000
at 05:19:54 of 108. I am seeking the family of **John Pentz** ...
genforum.genealogy.com/pentz/messages/13.html - 13k - Cached - Similar pages
[ More results from genforum.genealogy.com ]

### Evidence of the Bentz/Pentz Families in York County, PA
... left issue) son-in-law Abraham Trostle L 166 **John Pentz** of Washington Township
... of Christian Bentz: to Sabina Bentz (widow of Dr. **John Pentz**) of York ...
www.pipeline.com/~richardpence/yorkpa.htm - 76k - Cached - Similar pages

### Litigation 2004
... **John Pentz** Class Action Fairness Group Sudbury, Massachusetts ... The notorious
class action objector **John Pentz** of the Class Action Fairness Group left ...
www.americanlawyer.com/litigation2004/madison.html - 34k - Cached - Similar pages

### Avebury Manor by Morton and Associates LLC
... Trim Carpentry: **John Pentz** & Bobby Hall Vanity: L&K Designs Wallpaper: Cover

It With Wallpaper Weather-Stripping: Beadreaux Weather-Stripping ...
www.vestahomeshow.com/show_homes_release.asp?HomeID=5 - 13k -
Cached - Similar pages

### Evidence of the Bentz/Pentz Families in York County, PA
... Balance of L3637 8/ 3d. (Wills L, 186) Ja 4 1808 **John Pentz** (2nd account) Balance of L3463 6/ 4d. ... My 20 1841 **John Pentz** of Carroll Township. ...
www.cynthiaswope.com/withinthevines/ Bentzfamilystudy/evidyorkyoung.html - 101k -
Cached - Similar pages

### Lund John Pentz Peter Between Orient and Occident: Studies in ...
Lund **John Pentz** Peter Between Orient and Occident: Studies in Honour of PJ Riis. ... Author: Lund **John Pentz** Peter. Category: History ...
www.fiction-box.com/ Lund-John-Pentz-Peter-Between-Orient-and-Occide-8789438078.html -
9k - Cached - Similar pages

Goooooooogle ▶

Result Page:　1 2 3 4 5 6 7 8 9 10　**Next**

Free! Get the Google Toolbar. Download Now - About Toolbar



"John Pentz"　[ Search ]

Search within results | Language Tools | Search Tips | Dissatisfied? Help us improve

Google Home - Advertising Programs - Business Solutions - About Google

©2005 Google

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
John Jacob Pentz

**DEFENDANTS**
ALM

FILED IN CLERK'S OFFICE
2005 FEB -2 P 1:05
U.S. DISTRICT COURT
DISTRICT OF MASS.

**(b)** County of Residence of First Listed Plaintiff: Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: New York, New York
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Pro Se

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☒ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract |  | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332
Brief description of cause:
Libel

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE: 1-31-05
SIGNATURE OF ATTORNEY OF RECORD: /s/ JJ Pentz

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _John Pentz v. ALM_

FILED
IN CLERKS OFFICE

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).   2005 FEB -21 P 1:05

   ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   _X_ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ___   NO (X)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES ___   NO (X)
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ___   NO ___

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES ___   NO (X)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   (YES)   NO ___

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      (EASTERN DIVISION)   CENTRAL DIVISION   WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION   CENTRAL DIVISION   WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _John Pentz_
ADDRESS _2 Clock Tower Place, Maynard MA 01754_
TELEPHONE NO. _978 461-1548_

(Cover sheet local.wpd - 11/27/00)