UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN PENTZ,

          Plaintiff,

          v.

 

ALM,

          Defendant.

Civil Action No. 05-10207 (JLT)

**ANSWER**

Defendant ALM Media, Inc. ("ALM") by its attorneys, Sonnenschein Nath and

Rosenthal LLP, as and for their answer to the Complaint dated February 2, 2005 (the

"Complaint"), state as follows:

1. Denies knowledge or information sufficient to form a belief as to the allegations

contained in paragraph 1 of the Complaint.

2. Denies the allegations contained in paragraph 2 of the Complaint and avers that

the correct name of the Defendant is ALM Media, Inc., avers that ALM publishes

approximately 38 national and regional newspapers and magazines including The

American Lawyer and various other publications, and avers the headquarters of ALM

Media, Inc. is 345 Park Avenue South, New York, NY.

3. Admits the allegations contained in paragraph 3 of the Complaint, except denies

that there are "thousands of Massachusetts law firms and lawyers who currently subscribe

to ALM publications including The American Lawyer," and avers that approximately 1500

subscribers to The American Lawyer and Corporate Counsel magazines in Massachusetts received the Litigation Supplement that is at issue in this litigation.

4. Upon information and belief, admits the allegations contained in paragraph 4 of the Complaint.

5. Denies the allegations contained in paragraph 5 of the Complaint.

6. Denies that the Article was distributed with the October 2004 print edition of The American Lawyer, avers that it was distributed with the December 2004 print edition of The American Lawyer, as well as with the November 2004 issue of Corporate Counsel magazine and denies that it is currently available on any of ALM's websites.

7. Denies the allegations contained in paragraph 7 of the Complaint, and avers that the article was distributed to the approximately 15,000 subscribers to The American Lawyer (as well as subscribers to Corporate Counsel magazine), and that it was posted on ALM's website.

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Complaint.

9. Denies the allegations contained in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the American Heritage definition of "ilk" and denies the remaining allegations contained in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Complaint.

- 2 -

13.    Denies the allegations in paragraph 13 except avers that the case cited in

paragraph 13 speaks for itself.

14.    Denies the allegations contained in paragraph 14 of the Complaint.

15.    Denies the allegations contained in paragraph 15 of the Complaint.

16.    Denies the allegations contained in paragraph 16 of the Complaint.

17.    Denies the allegations contained in paragraph 17 of the Complaint.

18.    Denies the allegations contained in paragraph 18 of the Complaint.

19.    Denies the allegations contained in paragraph 19 of the Complaint.

20.    Denies the allegations contained in paragraph 20 of the Complaint.

21.    Denies  the allegations contained in paragraph 21 of the Complaint

22.    Denies the allegations contained in paragraph 22 of the Complaint.

23.    Denies the allegations contained in paragraph 23 of the Complaint.

24.    Denies the allegations contained in paragraph 24 of the Complaint.

25.    Denies the allegations contained in paragraph 25 of the Complaint.

26.    Denies the allegations contained in paragraph 26 of the Complaint.

27.    Denies the allegations contained in paragraph 27 of the Complaint.


## Count I - Defamation

28.    Defendant incorporates by reference all of the foregoing paragraphs as if fully set

forth herein.

29.    Denies the allegations contained in paragraph 29.

30.    Denies the allegations contained in paragraph 30.

31.    Denies the allegations contained in paragraph 31.

32.    Denies the allegations contained in paragraph 32.

- 3 -

33.    Denies the allegations contained in paragraph 33.

34.    Denies the allegations contained in paragraph 34.

## DEFENSES

The statement of any defense hereafter does not assume the burden of proof for any issue as to which applicable law places the burden on Plaintiff.

### As For A First Defense

The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

### As For A Second Defense

The claims in the Complaint are barred, in whole or in part, because Plaintiff is a public figure and cannot plead and prove constitutional malice, as required under the First Amendment to the United States Constitution and any other applicable federal and state laws and constitutions (hereinafter "constitutional malice").

### As For A Third Defense

The claims in the Complaint are barred, in whole or in part, because Defendant did not make any false statements of fact and Plaintiff cannot plead and prove that Defendant made any statements of fact that are false or substantially false.

### As For A Fourth Defense

The claims in the Complaint are barred, in whole or in part, because the challenged statements are opinion and/or fair comment and/or rhetorical hyperbole.

### As For A Fifth Defense

The claims in the Complaint are barred, in whole or in part, because Defendant did not state or imply and/or Defendant did not intend to state or imply a defamatory meaning.

- 4 -

## As For A Sixth Defense

The Article contains fair and true reports of judicial and other governmental proceedings and, therefore, the claims in the Complaint are barred, in whole or in part, by the fair report privilege.

## As For A Seventh Defense

The claims in Complaint are barred, in whole or in part, by the incremental harm doctrine, libel proof doctrine or any other relevant doctrine under applicable federal or state laws and constitutions.

## As For An Eighth Defense

The claims in the Complaint are barred because some or all of Defendant's statements are privileged under applicable state and federal constitutions, including New York Constitution Article 1 Section 8 and Massachusetts Constitution Part 1 Article 16.  In addition, Plaintiff cannot show that Defendant acted with gross irresponsibility.

## As For A Ninth Defense

The claims in the Complaint are barred, in whole or in part, because certain challenged statements do not refer to Plaintiff either directly or by reasonable implication.

## As For A Tenth Defense

To the extent Plaintiff attempts to plead a claim for false light invasion of privacy, Plaintiff's claim is barred because neither New York nor Massachusetts recognizes such a claim as a matter of state law.

### As For An Eleventh Defense

The claims in the Complaint are barred, in whole or in part, because if Plaintiff was harmed, which Defendant denies, Plaintiff assumed the risk of that harm and any damage suffered by Plaintiff resulted from his own conduct.

### As For A Twelfth Defense

Plaintiff has not suffered any actual injury.

### As For A Thirteenth Defense

Defendant's challenged statements and conduct were not the proximate cause of any injury to Plaintiff.

### As For A Fourteenth Defense

Plaintiff has failed to mitigate his damages as required by law.

### As For A Fifteenth Defense

Plaintiff cannot plead and prove constitutional malice and therefore, is limited to only actual damages and may recover no other kind of damages, including without limitation punitive damages.

### As For A Sixteenth Defense

If Plaintiff has probably pled a claim for punitive damages, such a claim is barred, in whole or in part, by the First Amendment and the due process clause of the United States Constitution, New York Constitution Article 1 Section 8, Massachusetts Constitution Part 1 Article 16, and any other applicable state laws and constitutions.

### As For A Seventeenth Defense

Plaintiff cannot plead and prove that any challenged statements are libelous per se and has not and cannot plead and prove special damages.

- 6 -

## As For An Eighteenth Defense

If Plaintiff has probably pled a claim for punitive damages, such a claim is barred, in whole or in part, because Plaintiff cannot show malice, including common law malice, or the requisite degree of fault that is required under applicable federal and state laws and constitutions, including the requirement of spite and ill will.

## As For A Nineteenth Defense

If Plaintiff has probably pled a claim for punitive damages, such a claim is subject to any applicable cap on such damages under federal and state laws.

## As For A Twentieth Defense

Plaintiff's request for a court order requiring Defendant to print a retraction and mandating the content of that retraction is barred by the First Amendment to the United States Constitution, Article 1 Section 8 of the New York Constitution, and Part 1 Article 16 of the Massachusetts Constitution, as well as any other applicable state laws and constitutions. In addition, Plaintiff cannot meet any standards required for the granting of equitable relief.

## RELIEF SOUGHT

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be dismissed in its entirety, together with costs and disbursements of this action and such other relief as is proper.

Dated: New York, NY
       August 23, 2005

SONNENSCHEIN NATH & ROSENTHAL LLP

By: _____

Devereux Chatillon
Admitted *pro hac vice*
1221 Avenue of the Americas
New York, NY 10020
212 768-6800
212 768-6700 (fax)

*Attorneys for Defendant ALM Media, Inc.*

Of Counsel:

Philip A. O'Connell, Jr.   BBO #649343
Sonnenschein Nath & Rosenthal LLP
155 Federal Street   17th Floor
Boston, MA 02110
(617) 574-4701
(617) 574-4744 (fax)

Robert A. Feinberg, Esq.
ALM Media, Inc.
345 Park Ave. So.
New York, NY 10010
212 592-4944
212 592-4900 (fax)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| John Pentz, | : |
| | : |
| Plaintiff, | : Civil Action No. 05-10207 (JLT) |
| | : |
| v. | : **CERTIFICATE OF SERVICE** |
| | : |
| ALM, | : |
| | : |
| Defendant. | : |

I, PHILIP A. O'CONNELL, JR., certify that I am over eighteen years of age, am not a

party to the above-captioned action, and that I caused a true and correct copy of defendant ALM

Media, Inc.'s ANSWER to be served upon John J. Pentz, 2 Clock Tower Place, Suite 260G,

Maynard, Massachusetts 01754, *plaintiff pro se*, on this 26th day of August, 2005 by placing the

document in a sealed envelope with postage thereon fully prepaid in the United States mail at

Boston, Massachusetts addressed as set forth above.

Philip A. O'Connell, Jr.       BBO#649343
SONNENSCHEIN NATH & ROSENTHAL LLP
155 Federal Street, 17th Floor
Boston, MA 02110
Telephone: (617) 574-4701
Fax: (617) 574-4744

*Attorneys for Defendant ALM Media, Inc.*

27210944\V-1