UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN PENTZ,<br><br>                Plaintiff,<br><br>    v.<br><br>ALM,<br><br>                Defendant. | Civil Action No. 05-10207 (JLT) |

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel and the parties herein, that:

1.  Counsel for a party producing or furnishing information of any nature to another party, to the court, or at a deposition in connection with this action may designate as "CONFIDENTIAL" any document or part thereof or deposition testimony that such counsel in good faith considers to contain or reflect a trade secret or research, development, financial, commercial or business or other information which the producing party deems confidential. Such designation shall be made at the time the information is produced or furnished promptly thereafter. If a document is inadvertently produced without the legend "CONFIDENTIAL", such document shall be treated as confidential from the time when the party or non-party producing such document advises counsel of record in writing of its designation of such document as "CONFIDENTIAL" and provides them with a duplicate copy bearing the legend "CONFIDENTIAL", whereupon the unmarked copies will be returned or destroyed. Any party may, at any time, request that a document or information be removed from the "CONFIDENTIAL" designation and, if the other party objects, seek relief pursuant to paragraph 8 below.



2.      Confidential Information shall be used only for the purpose of the above-captioned action (including appeals), and not for any business or any other purpose, whatsoever, and shall not be given, shown, made available, distributed, published or communicated in any way to anyone except those to whom it is necessary that such Confidential Information be given or shown for the purposes permitted under this paragraph and paragraph 3.

3.      Except by the prior written consent of the designating person, or by prior order of this Court after notice to such person's counsel, and subject to the provisions of paragraph 4 hereto, Confidential Information may not be disclosed to any other person than:

      a)   Counsel for the respective parties to this litigation;

      b)   The parties themselves;

      c)   Expert witnesses, to the extent deemed necessary by counsel for the prosecution or defense of this litigation, provided such persons execute a written Acknowledgment that they will abide by the terms and conditions hereof;

      d)   The Court and Court personnel, including Court reporters, and stenographic reporters.

4.      All persons to whom Confidential Information is disclosed or by whom it is used shall be subject to this Stipulation and shall take all necessary precautions to prevent any disclosure or use other than as authorized by this Stipulation. Counsel and the parties subject to this Stipulation shall take all steps reasonably necessary to advise any person to whom Confidential Information may be disclosed, or by whom it may be used, of the terms of this Stipulation.

5.      Confidential Information shall be designated as follows:

17498119

a) In the case of documents, designation shall be made by placing the legend "CONFIDENTIAL" on the first page of any such document;

b) In the case of written discovery requests or responses, designation should be made by placing the legend "CONFIDENTIAL" on each page of any request or response that contains Confidential Information, or, requests or responses containing Confidential Information may be separately bound and marked "CONFIDENTIAL".

c) In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential Information shall be made by a statement to such effect on the record during the course of the deposition or promptly thereafter. When designation of Confidential Information has been made during the course of a deposition, the reporter attending such deposition shall thereafter bind the transcript thereof in separate portions containing the non-confidential information and Confidential Information, and the reporter shall place the appropriate legend on the cover of the Confidential portions of the transcript. (The Parties may modify this procedure for any particular deposition through agreement on the record at such deposition, without further Court order.)

d) Any filing or submission (or part thereof) in this action that includes or discloses Confidential Information shall be under seal and shall remain under seal until further order of the Court. Counsel submitting such matter shall state "TO BE FILED UNDER SEAL PURSUANT TO ORDER OF [this date]" next to the caption.

6. Nothing herein shall restrict the use or disclosure by a person of any Confidential Information it has designated or of any documents or information obtained or learned by such person independent of discovery proceedings in this action.

7. At the conclusion of these proceedings, all Confidential Information and documents containing or reflecting Confidential Information, including but not limited to copies, summaries, excerpts and indices, shall promptly be destroyed or returned to the producing party and the producing party, upon request, shall be entitled to a certificate that such has been done. Counsel nonetheless may retain their work product, such as pleadings, correspondence, and memoranda, which contain or refer to confidential documents provided that all such confidential documents and work product shall remain subject to this Stipulation and shall not be disclosed to any person except where permitted by the terms of this Stipulation.

8. Any party needing relief from the provisions of this Stipulation or further protections with respect to discovery may, if agreement cannot be reached among the parties, seek relief from this Court, as per Local Rule 37.1.

9. This Stipulation shall not have any impact on the admissibility or confidentiality of any documents at the time of trial. Such issues will be addressed by the trial court, pursuant to the applicable court rules and law.

10. This Stipulation shall be effective immediately and shall survive the conclusion of this action.

11. Nothing herein shall waive any privilege any party may have with respect to discovery.

17498119

- 5 -

| VALAS & ASSOCIATES | SONNENSCHEIN NATH & ROSENTHAL LLP |
|---|---|
| By: *[signature: Rory Valas]* | By: *[signature]* |
| Rory A. Valas | Devereux Chatillon (admitted *pro hac vice*) |
| 250 Summer Street<br>Boston, MA 02110<br>Tel: (617) 399-2200<br>Fax: (617) 399-2202 | 1221 Avenue of the Americas<br>New York, NY 10020<br>Tel.: (212) 768-6700<br>Fax: (212) 768-6800 |
| *Attorneys for Plaintiff John Pentz* | *Attorneys for Defendant ALM Media, Inc.* |

SO ORDERED:

_____   1/23/06
U.S.D.J.